UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X

SHENNA DELOACHE-HOLFORD,

                   Plaintiff,

      -against-

LIBERTY MUTUAL INSURANCE,

                  Defendant.
------------------------------------------------X

REPORT & RECOMMENDATION
08 CV 1792 (SJF)(LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 25 2010
P.M.
TIME A.M.

**BLOOM, United States Magistrate Judge:**

Defendant, Liberty Mutual Insurance, moves for sanctions pursuant to Fed. R. Civ. P. 37(c). The Honorable Sandra J. Feuerstein referred defendant's motion to me for a Report and Recommendation in accordance with 28 U.S.C. § 636(b). For the reasons stated below, it is respectfully recommended that defendant's motion for attorney's fees as sanctions should be granted in part and denied in part. Defendant's motion for $33,059.00 as a sanction under Fed. R. Civ. P. 37(c) should be denied; however, defendant's motion for attorney's fees as a sanction under Fed. R. Civ. P. 37(b)(2)(C) should be granted in an amount to be determined, as set forth herein.

## BACKGROUND

On April 24, 2008, plaintiff commenced this pro se employment discrimination action. (Document 1.) On March 16, 2009, defendant moved to dismiss plaintiff's complaint and for other sanctions, including attorney's fees, pursuant to Fed. R. Civ. P. 37(c) and 41(b). (Document 29.) Defendant's motion alleged that plaintiff submitted a forged witness statement to support her allegations of discrimination. (Opinion and Order, February 17, 2010, document

39 at 2.) Plaintiff testified at her deposition on January 9, 2009 that she was not present when the statement was signed or notarized and that the employee who made the statement, Ms. Cummings, would be willing to be a witness on her behalf. (Id. at 3.) Plaintiff also testified that she was not familiar with the notary, Gerald Grant, on the Cumming's statement. (Mem. of Law in Supp. at 3,[1] document 59; De Loach-Holford Dep. 299:4-6, document 60, Ex. C.) Defendant contacted Ms. Cummings, who signed an affidavit stating she never provided plaintiff with a written statement and that it was not her signature on the statement plaintiff had submitted. (Opinion and Order, February 17, 2010 at 2.) The Court's Opinion and Order dated February 17, 2010, found that defendant failed to establish by clear and convincing evidence that plaintiff perpetrated a fraud on the Court and denied defendant's motion. (Id. at 6.) However, the Court set a hearing for March 2, 2010 to determine the authenticity of plaintiff's submission. (Id.)

Plaintiff failed to appear for the hearing on March 2, 2010. The Court stated on the record, "[b]ased upon the fact that, first of all, plaintiff didn't appear this morning and was previously warned that her failure to appear would result in dismissal, and based upon the evidence adduced at this hearing, the case is dismissed." (Hr'g Tr. 19:14-18, March 2, 2010.) On March 16, 2010, the Court issued an Order dismissing plaintiff's complaint for her failure to appear at the March 2, 2010 conference. (Document 57.) Defendant now moves to impose sanctions on plaintiff in the form of attorney's fees. (Document 59.) Defendant seeks reimbursement in the amount of $33,059.00 (document 60 at 2) for "the attorney['s] fees it has incurred in presenting evidence of plaintiff's intentional fraud upon the Court from the date of her January 9, 2009 deposition through the adjudication of this Motion" (document 59 at 5).

---

[1] The Court refers to the original page numbers listed on the documents, not the ECF page numbers.

By letter filed March 29, 2010, plaintiff requests that the Court deny defendant's motion for attorney's fees. (Document 61.)[2] Plaintiff states she requested an adjournment of the March 2, 2010 hearing from the Court and contacted defendant's counsel.[3] (Id.) Plaintiff further states that she "never intended to bring any sort of FRAUD of any kind upon the court." (Id.)

On May 1, 2010, plaintiff filed a notice of appeal of the Court's Judgment in favor of defendant.

## DISCUSSION

Defendant moves for fees as a sanction pursuant to Fed. R. Civ. P. 37(c) or as a sanction pursuant to the Court's inherent power.[4] (Mem. of Law in Supp. at 5-8.) "[D]istrict courts possess 'wide discretion' in imposing sanctions under Rule 37." Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 135 (2d Cir. 2007) (internal citation omitted). Rule 37(c) provides for sanctions in the event of a party's "failure to disclose, to supplement an earlier response, or to admit" as required by Rule 26(a) or (e). Fed. R. Civ. P. 37(c). Defendant seeks reimbursement for "the attorney['s] fees it has incurred in presenting evidence of plaintiff's intentional fraud upon the Court from the date of her January 9, 2009 deposition through the adjudication of this Motion" (id. at 5) in the amount of $33,059.00 (document 60 at 2). However, the Court's

---

[2] To the extent plaintiff also requests reconsideration on the motion to dismiss, the Court will address plaintiff's request in a separate decision.

[3] Plaintiff filed an undated letter, received by the Court on March 1, 2010, requesting an adjournment of the March 2, 2010 conference. (Document 52.) The Court also received a letter dated February 26, 2010, from plaintiff stating she was following up on her "prior letter" and requested the Court hold the hearing in Brooklyn. (Document 54.) Defendant argues that it did not consent to an adjournment as non-parties were subpoenaed to attend the March 2, 2010 hearing. (Document 63, Exhibit C.)

[4] The Court need not utilize its inherent power because plaintiff's conduct can be addressed under Rule 37. See Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991) ("[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.")

February 17, 2010 Order held that defendant had not demonstrated that plaintiff perpetrated fraud on the Court by clear and convincing evidence. In addition, although an evidentiary hearing was held on March 2, 2010, the Court did not reach the issue of fraud. The Court's March 16, 2010 Order dismissed plaintiff's complaint for failing to comply with a Court Order after notice was given that her failure to appear would result in dismissal of her case. (Document 57.)

Rule 16(f) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), [i]f a party or its attorney . . . fails to appear at a scheduling or other pretrial conference; . . . or fails to obey a scheduling or other pretrial order." Under Rule 37(b)(2)(A)(v), the Court may dismiss the complaint for a party's failure to comply with a Court Order. See Fed. R. Civ. P. 37(b)(2)(A) ("[T]he court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part."); see also Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298 (2d Cir. 2009) (per curiam) (upholding the district court's dismissal of pro se plaintiff's case pursuant to Rule 37 where plaintiff failed to comply with the Court's orders); Worldcom Network Servs., Inc. v. Metro Access, Inc., 205 F.R.D. 136, 143 (S.D.N.Y. 2002) ("sanctions are permissible under Rule 37(b)(2) when a party fails to comply with a court order, regardless of the reasons"). Furthermore, according to Fed. R. Civ. P. 37(b)(2)(C), "instead of or in addition to [dismissal] . . . the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). As plaintiff's case was dismissed because she failed to appear for

4

the Court ordered hearing on March 2, 2010, the Court grants defendant's request for attorney's fees, however the fees are awarded pursuant to Fed. R. Civ. P. 37(b)(2)(C).

Plaintiff's letters requesting an adjournment, received by the Court on the eve of and after the date the Court had ordered her to appear, do not justify plaintiff's failure to appear. (Documents 52, 54, Opinion and Order at 6.) Plaintiff's arguments and explanations fall way short of demonstrating that her failure to obey the Court's Order was substantially justified. Furthermore, plaintiff's pro se status does not shield her from the sanction of attorney's fees. See Lee v. Trans Union LLC, No. 06 Civ. 4003 (PAC)(KNF), 2007 WL 1098697, 3 (S.D.N.Y. April 9, 2007) (granting attorney's fees and costs as a sanction for pro se plaintiff's failure to obey court orders). "Nor, generally, is poverty a bar to the imposition of sanctions for willful misconduct." Interscope Records v. Barbosa, 05 CV 5864(DGT)(RML), 2007 WL 14332 at 1 (E.D.N.Y. January 3, 2007) (citation omitted).

Although the Court believes a sanction is appropriate in this case, the Court does not believe defendant's counsel's fees from plaintiff's deposition through the adjudication of this motion, in the amount of $33,059.00, is the proper measure. (Document 60 at 2.) Instead, the Court finds that defendant's attorney's fees for the time spent preparing for and attending the March 2, 2010 conference should be paid by plaintiff as the proper sanction under these facts. Defendant shall therefore produce counsel's time records for the work done in preparing for and attending the March 2, 2010 conference.[5]

---

[5] Defendant should include an attorney's affirmation and supporting documents, as is necessary in an application for attorney's fees.

5

## CONCLUSION

Accordingly, defendant's motion for $33,059.00 as a sanction under Fed. R. Civ. P. 37(c) should be denied and defendant's motion for attorney's fees as a sanction under Fed. R. Civ. P. 37(b)(2)(C) should be granted. Defendant's counsel should submit counsels' time records by June 11, 2010.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

LOIS BLOOM
United States Magistrate Judge

Dated: May 24, 2010
Brooklyn, New York