UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X

SHENNA DELOACHE-HOLFORD,

        Plaintiff,

        -against-

LIBERTY MUTUAL INSURANCE,

        Defendant.

_____X

**ORDER
08-CV-1792(SJF)(WDW)**

FEUERSTEIN, J.

On April 24, 2008, pro se plaintiff Shenna DeLoache-Holford ("Plaintiff") commenced this action against defendant Liberty Mutual Insurance ("Defendant") asserting claims of employment discrimination. On February 17, 2010, this Court denied Defendant's motion to dismiss Plaintiff's Complaint due to Plaintiff's submission of fabricated evidence. However, at a hearing on March 2, 2010, this Court dismissed Plaintiff's Complaint "[b]ased upon the fact that, first of all, plaintiff didn't appear this morning and was previously warned that her failure to appear would result in dismissal, and based upon evidence deduced at this hearing . . . ." (Hr'g Tr. 19:14-18, Mar. 2, 2010.) On March 17, 2010, Defendant moved for an award of attorney's fees pursuant to Rule 37 of the Federal Rules of Civil Procedure. Pursuant to a Referral dated March 30, 2010, a Report and Recommendation (the "Report") of United States Magistrate Lois Bloom, dated May 25, 2010, recommended that Defendant's motion for an award of attorney's fees in the amount of thirty-three thousand fifty nine dollars ($33,059) should be denied, but that Defendant's "attorney's fees for the time spent preparing for and attending the March 2, 2010

1

conference should be paid by plaintiff." (Report, at 5.) No objections have been filed to the Report, and on June 9, 2010, Defendant submitted an affidavit and contemporaneous time records demonstrating attorney's fees in the amount of eight thousand, two hundred ninety-five dollars and fifty cents ($8,295.50). (Docket Entry 69.) For the reasons stated herein, the Report is accepted in its entirety.

I.      Discussion

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be satisfied that there is no clear error on the face of the record. See Fed. R. Civ. P. 72(b); Baptichon v. Nevada State Bank, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), affd, 125 F. App'x. 374 (2d Cir. 2005); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

No objections have been filed to Magistrate Judge Bloom's Report. Upon review, the Court is satisfied that the Report is not facially erroneous. Accordingly, the Court accepts and adopts Magistrate Judge Bloom's Report as an Order of the Court.

Additionally, the time records submitted by Defendant are sufficiently detailed to demonstrate that a total of thirty-two (32) hours were spent by Defendant's attorneys in preparing for the March 2, 2010 hearing. See Hensley v. Eckerhart, 461 U.S. 424, 436, n.12, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) ("Plaintiff's counsel, of course, is not required to record in great detail how each minute of his time was expended. But at least counsel should identify the general subject matter of his time expenditures.) Accordingly, Plaintiff is ordered to pay Defendant's attorney's fees in the amount of eight thousand, two hundred ninety-five dollars and fifty cents ($8,295.50).

II.     Conclusion

For the foregoing reasons, the Report is accepted in its entirety, and Plaintiff is ordered to pay Defendant's attorney's fees in the amount of eight thousand, two hundred ninety-five dollars and fifty cents ($8,295.50).

**SO ORDERED.**

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 9, 2010
       Central Islip, New York

3